**MICHIGAN UNITED CONSERVATION CLUBS, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. G82–645 CA5.**

United States District Court, W.D. Michigan, S.D.

Aug. 9, 1985.

Steketee & Timmons, Peter W. Steketee, Grand Rapids, Mich., for plaintiff.

Edwin Meese, U.S. Atty. Gen., C.I.R., John A. Smietanka, U.S. Atty. by Phillip I. Morse, Grand Rapids, Mich., Allen R. Mass, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

MILES, Chief Judge.

Plaintiff, Michigan United Conservation Clubs, Inc. (MUCC), has brought this suit against the United States of America for a refund of FICA taxes paid from July 1, 1978 through December 31, 1980 and from January 1, 1982 through March 31, 1983, and for a declaratory judgment that Public Law 94–563 does not apply to MUCC under the circumstances of this case. Plaintiff argues in essence that the government should be equitably estopped from applying the provisions of Public Law 94–563, 26 U.S.C. § 3121(k)(4), in the instant case.

The parties are in agreement as to the material facts alleged in plaintiff's complaint. Plaintiff was incorporated in 1942. On May 2, 1979 the Internal Revenue Service, at plaintiff's request, ruled that plain-

tiff was entitled to be treated as a Code Section 501(c)(3) organization effective July 10, 1978. The letter ruling states in relevant part:

> You are not liable for social security (FICA) taxes unless you file a waiver of exemption certificate as provided in the Federal Insurance Contributions Act.

Plaintiff continued to pay FICA taxes through December 31, 1980, but did not file a waiver of exemption certificate. MUCC stopped paying FICA taxes in 1981 and filed refund claims for the FICA taxes paid for all quarterly periods from July 1, 1978 through December 31, 1980. The claims were denied by the IRS on the basis that by virtue of Code Section 3121(k)(4), plaintiff's payment of social security taxes for three consecutive quarters was deemed a filing of a waiver of exemption certificate under the Federal Insurance Contributions Act.

In Count I plaintiff claims that the letter from the IRS was an affirmative misrepresentation of law which should equitably estop the government from relying upon Code Section 3121(k)(4). Plaintiff complains that because the letter did not discuss the provisions of Code Section 3121(k)(4) plaintiff was misled into relying upon the affirmative statement that it was not liable for social security taxes unless it filed a waiver of exemption certificate.

There is some question as to whether or under what circumstances the doctrine of equitable estoppel may be invoked to bind the United States. The United States Supreme Court recently declined to apply equitable estoppel against the government in the case before it, but left open the possibility of its application under other circumstances. *Heckler v. Community Health Services*, 467 U.S. 51, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984). The Court stated:

> Petitioner urges us to expand this principle into a flat rule that estoppel may not in any circumstances run against the Government. We have left the issue open in the past, and do so again today. Though the arguments the Government advances for the rule are substantial, we

> are hesitant, when it is unnecessary to decide this case, to say that there are no cases in which the public interest in ensuring that the Government can enforce the law free from estoppel might be outweighed by the countervailing interest of citizens in some minimum standard of decency, honor and reliability in their dealings with their Government. But however heavy the burden might be when an estoppel is asserted against the Government, the private party surely cannot prevail without at least demonstrating that the traditional elements of an estoppel are present.

*Id.* 104 S.Ct. at 2224 (footnotes omitted).

Estoppel is defined in the Restatement (Second) of Torts § 894(1) (1977) as follows:

> If one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it does an act ... the first person is not entitled

> \* \* \* \* \* \*

> (b) to regain property or its value that the other acquired by the act, if the other in reliance upon the misrepresentation and before discovery of the truth has so changed his position that it would be unjust to deprive him of that which he thus acquired.

Restatement (Second) of Torts § 894(a)(1977) *quoted in Heckler v. Community Health Services*, 104 S.Ct. at 2223.

 Thus, the party claiming estoppel must show at the very least a misrepresentation, reasonable reliance on the misrepresentation, and a change of circumstance for the worse.

The Court has grave doubts as to whether plaintiff can establish even the first element for estoppel, i.e. a misstatement.

The statement included in the ruling letter that plaintiff was not liable for FICA taxes unless it filed a waiver of exemption certificate is not a misstatement of the law or a misrepresentation of the law. This is a restatement of the language of 26 U.S.C. § 3121(k)(1).

The only criticism plaintiff has with the letter is not that the letter is inaccurate as to the statements included in it, but that it is not comprehensive enough. Specifically, plaintiff faults the letter ruling for its failure to bring to plaintiff's attention Code Section 3121(k)(4) which states that a 501(c)(3) organization which has not filed a valid waiver certificate but has paid FICA taxes for three consecutive quarters will be deemed to have filed a valid waiver certificate.

■ When the Commissioner gives a ruling on a specific issue, the ruling does not relieve the taxpayer of the obligation of keeping abreast of the tax laws applicable to his situation. By undertaking to resolve one question for the taxpayer the IRS does not assume the duty of informing the taxpayer of all regulations that might pertain to his situation at that time or in the years to come.

In the instant case MUCC filed an application for exemption under section 501(c)(3). The ruling was issued to resolve the question of whether MUCC could be granted 501(c)(3) status. In the course of issuing its ruling that MUCC is a 501(c)(3) organization the IRS included a number of statements on tax liabilities, donations, and employer identification numbers. It reads as a general overview of the ramifications of receiving section 501(c)(3) status. It does not attempt to be an exhaustive list of all regulations that apply to section 501(c)(3) organizations or specifically to MUCC. At the time of making the letter ruling the government had no reason to anticipate that plaintiff would continue to pay FICA taxes. The letter ruling does not excuse MUCC from making itself aware of the applicable regulations corresponding to its new tax status.

Even if the omission of a reference to section is considered to be a misstatement, the Court does not believe it has been presented with a case in which equitable estoppel against the government is appropriate.

26 U.S.C. § 3121(k)(4) was adopted in 1976 in order to validate the social security credits of employees of non-profit organizations in those instances in which a non-profit organization and its employees had been paying social security taxes without having filed a valid waiver certificate to cover such employees under the social security program. H.R.Rep. No. 94–1711 (Sept. 28, 1976); 1976 U.S.Code Cong. & Ad.News 5929–30. Congress's concern in adopting section 3121(k)(4) was twofold: (1) Congress was concerned about the enormous refund that would otherwise have to be paid to those non-profit organizations which had not filed a waiver certificate but had continued to pay social security taxes; (2) Congress was concerned about protecting many employees who were having social security taxes withheld from their paychecks and considered themselves covered by the social security system but who were in fact not covered because of their employers' failure to file a waiver of exemption. The author of the House Bill said on the floor of the House:

This bill is intended to correct a situation that has developed that could both penalize a great many senior citizens who are expecting social security coverage, as well as be a drain on the social security funds.

122 Cong.Rec. 34101, *quoted in Hospital Data Center v. United States*, 634 F.2d 541, 543 n. 5 (Ct.Cl.1980).

In *Hospital Data Center* the taxpayer sued for refunds of the FICA taxes paid from the second quarter of 1974 through the second quarter of 1976. The taxpayer was a tax exempt organization under 26 U.S.C. § 501(a), (c)(3) and (e). Nevertheless, the taxpayer filed FICA taxes for the period from the second quarter of 1974 through the second quarter of 1976. The Court held that by virtue of section 3121(k)(4), which became law in October 1976, the taxpayer was deemed to have filed a waiver certificate. 634 F.2d at 542. The taxpayer had not been given notice of the fact that the continued filing of FICA taxes would result in a waiver of exemption. In fact, the taxpayer had met the three quarters requirement before the law

was even passed in 1976. Nevertheless, the Court of Claims upheld the retroactive application of section 3121(k)(4) to the taxpayer.

The Court of Claims held that retroactive application of section 3121(k)(4) did not violate a general standard of all-around fairness. *Id.* at 544. The Court noted that the continued payment of FICA taxes for which the organization was not liable was a result of its own failure, neglect or refusal to file the necessary waivers and lists. "Congress was not acting to collect a tax from persons who at all previous times considered themselves free from it; rather it sought to validate the payment of a tax already made and deposited by taxpayers in the Treasury." *Id.* at 543–44.

If the retroactive application of section 3121(k)(4) is not considered unfair, then its application in the present case, where the law was in existence and readily available for the taxpayers to consult, should not be subject to equitable estoppel.

■ All persons in the United States are charged with knowledge of the United States Statutes at Large. *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 384–85, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947); *Bollow v. Federal Reserve Bank*, 650 F.2d 1093, 1100 (9th Cir.1981). Persons "dealing with the Government are charged with knowledge of and are bound by statutes and lawfully promulgated regulations despite reliance to their pecuniary detriment upon incorrect information received from Government agents or employees." *Cheers v. Secretary of Health, Education and Welfare*, 610 F.2d 463, 467 (7th Cir. 1979) (quoting *Flamm v. Ribicoff*, 203 F.Supp. 507, 510 (S.D.N.Y.1961)).

Plaintiff characterizes this case as one involving a retroactive revocation of the May 2, 1979 ruling to which the Court should apply the abuse of discretion standard under section 7805(b). The Court, however, does not view the case as one involving a "revocation of a ruling." This is not a case like *Lesavoy Foundation v. Commissioner*, 238 F.2d 589 (3rd Cir.1957), cited by plaintiff, where the commissioner revoked a certificate of exemption retroactively.

The United States has not revoked its ruling that plaintiff is a 501(c)(3) organization. The United States has not assumed an inconsistent position with regard to its statement that "You are not liable for social security taxes unless you file a waiver of exemption certificate." The law articulated in the May 2, 1979 letter ruling is the same as the law the United States asserts is applicable today. The change in circumstances which makes plaintiff liable for FICA taxes is not a change in the government's position, but a change brought about by plaintiff's own action, the payment of FICA taxes for three consecutive quarters which, by law, constitutes a filing of a waiver of exemption certificate. 26 U.S.C. § 3121(k)(4).

■ The IRS very easily could have added a short note in the letter ruling to the effect that if the taxpayer continued to pay FICA taxes for three quarters that the taxpayer would be deemed to have waived its exemption. The Court cannot say in the instant case, however, that the government's failure to do so falls below a minimum standard of decency, honor and reliability such that equitable estoppel would be appropriate. Accordingly, Count I of plaintiff's complaint seeking equitable estoppel against the government must be DISMISSED.

In Count II of the complaint plaintiff claims that Code Section 3121(k)(4) is unconstitutional as applied in this instance because it constitutes a taking of property without due process of law. Plaintiff requests a declaratory judgment that this section cannot legally be applied to the plaintiff under the circumstances of this case.

■ At the hearing on March 18, 1985 plaintiff's counsel agreed to abandon Count II. Nevertheless, for purposes of clarity the Court notes that 28 U.S.C. § 2201 which grants the Court power to enter declaratory judgment specifically excepts controversies with respect to Federal taxes

from its scope. This Court is accordingly powerless to grant the relief requested by plaintiff in Count II. Count II, therefore must be DISMISSED for lack of subject matter jurisdiction.

For the foregoing reasons defendant's motion to dismiss is hereby GRANTED and the case is accordingly DISMISSED.

IT IS SO ORDERED.